# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-279 |
| TAUREAN OKEITH JACKSON | SECTION: "E" |

## ORDER AND REASONS

Before the Court is the Government's Motion for Reconsideration of Evidentiary Hearing.[1] Defendant Taurean Okeith Jackson's opposes this motion.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

On December 13, 2013, Defendant Taurean Jackson was charged in a five-count indictment related to his role in a child sex-trafficking conspiracy.[3] Jackson ultimately pleaded guilty to two counts of the indictment: conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 15494(c), and obstruction and attempted obstruction of enforcement of the sex trafficking statute, in violation of 18 U.S.C. § 1591(d).[4] Under the terms of the Defendant's Rule 11(c)(1)(B) plea agreement,[5] the parties recommended a sentence of 270 months' imprisonment, and the Government stipulated to a two-level decrease in the sentencing offense level for the for the Defendant's acceptance of responsibility.[6] On July 15, 2015, this Court sentenced Defendant to the 270-month term of imprisonment to which the parties agreed in the plea agreement.[7]

---

[1] R. Doc. 181.
[2] R. Doc. 191.
[3] R. Doc. 1.
[4] *See* R. Doc. 72.
[5] FED. R. CRIM. P. 11(c)(1)(B).
[6] R. Doc. 74 at 2.
[7] R. Doc. 116.

On June 27, 2016, the Defendant filed a Motion to Vacate under 28 U.S.C. § 2255,[8] which Defendant later supplemented.[9] At a status conference held on August 2, 2018, the Court ordered: "By October 1, 2018, at 5:00 p.m., defense counsel will file any supplemental briefing regarding Defendant's 28 U.S.C. § 2255 motion to vacate, and, if appropriate, will make a request for an evidentiary hearing. If defense counsel files supplemental briefing and/or a request for an evidentiary hearing, the government may file a response by October 15, 2018, at 5:00 p.m."[10] Defense counsel did not file any request for an evidentiary hearing prior to the instant motion.

On November 8, 2019, the Court reached out to counsel to determine counsel's availability for a possible evidentiary hearing with respect to Defendant's 2255 Motion, which the Government construed as a ruling by the Court that an evidentiary hearing was necessary. Apparently, out of an abundance of caution, the Government filed the instant Motion for Reconsideration.[11] The Government argues "an evidentiary hearing is unnecessary" because "[e]ven assuming any disputed facts exist and are in Jackson's favor, the filings and the record in this case conclusively show that Jackson is not entitled to relief."[12] The Court subsequently ordered Defendant to file a response to the Government's Motion for Reconsideration.[13] On December 17, 2018, Defendant filed an opposition to the motion, arguing an evidentiary hearing is warranted with respect to his ineffective assistance of plea counsel claims.[14]

---

[8] R. Doc. 137.
[9] R. Doc. 139.
[10] R. Doc. 173.
[11] R. Doc. 181.
[12] R. Doc. 181-1 at 1.
[13] R. Doc. 186.
[14] R. Doc. 191.

**LEGAL STANDARD**

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."[15] If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action.[16] The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.[17] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[18] The denial of an evidentiary hearing is reviewed for an abuse of discretion.[19]

**LAW AND ANALYSIS**

Petitioners under § 2255 are not automatically entitled to evidentiary hearings. Instead, "A district court may deny an evidentiary hearing 'if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'"[20] As the Fifth Circuit has explained:

> No hearing is required unless (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations were true.[21]

---

[15] Rules Governing Section 2255 Proceedings, Rule 4(b).
[16] *Id.*
[17] *Id.*, Rules 6-7.
[18] Rules Governing Section 2255.
[19] *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018), *cert. denied sub nom.*, *McDaniels v. United States*, 139 S.Ct. 2705 (June 10, 2019).
[20] *United States v. McClinton*, No. 17-60062, 2019 WL 3562124, at *2 (5th Cir. Aug. 5, 2019) (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam)); 28 U.S.C. § 2255(b).
[21] *Id.* (citing *Friedman v. United States*, 588 F.2d 1010, 1014–15 (5th Cir. 1979) (per curiam)).

No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[22] Mere conclusory allegations are not sufficient to support a request for an evidentiary hearing.[23,24]

Defendant argues he is entitled to an evidentiary hearing with respect to his ineffective assistance of plea counsel claims.[25] "A defendant has a right under the Sixth Amendment to the competent advice of counsel during 'the plea-bargaining process.'"[26] In *Lee v. United States*, the Supreme Court held that the district court should examine whether, but for counsel's errors, the defendant would not have pleaded guilty and instead insisted on going to trial.[27] In *Lee*, the Court held the defendant would not have pleaded guilty and instead would have proceeded to trial if he had been properly advised of the fact that a conviction would ensure deportation, and the defendant was therefore entitled to relief for ineffective assistance of counsel.[28] The Court "noted that the necessary proof to support this conclusion could not come from '*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.'"[29] "Instead, 'contemporaneous evidence' is the key."[30]

In *United States v. McClinton*, the Fifth Circuit held the defendant's change-of-plea hearing was "contemporaneous evidence" that "demonstrates that he made several

---

[22] *United States v. Balderas*, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[23] *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980).
[24] Defendant argues Section 2255 creates a "robust presumption" a petitioner will have an evidentiary hearing. R. Doc. 191 at 4 (citing *United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991)). *Briggs* does not create such a presumption.
[25] R. Doc. 191 at 2.
[26] *McClinton*, 2019 WL 3562124 at *2 (citing *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)).
[27] *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017).
[28] *Id.* at 1969.
[29] *McClinton*, 2019 WL 3562124 at *2 (quoting *Lee*, 137 S.Ct. at 1965).
[30] *Id.* (quoting *Lee*, 137 S.Ct. at 1965) (citing *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing)).

sworn statements that are inconsistent with his post hoc assertions in his § 2255 claim."[31] The Fifth Circuit held the "'contemporaneous evidence' conclusively negates his 'post hoc' assertions," and in so holding explained:

> The district court thoroughly questioned [the defendant] to ensure he understood the plea agreement and its consequences. When asked about his attorney's representation, [the defendant] stated that he was 'pleased,' and, clearly referring to his late discovery of the career offender laws, he "wouldn't have c[o]me this far if [he] would have seen what [he] needed to see.' This latter remark contradicts the notion that he would have pursued a trial knowing that the career offender status would put him at risk of approximately 200 more months of imprisonment than the result he obtained. The district court therefore concluded that [the defendant] could not show that he would have finished trial absent his attorney's advice to plead guilty. Further, when asked whether anyone had promised him what his sentence would be, [the defendant] said 'No.' The plea agreement itself, which [the defendant signed, also expressly stated that 'no promise or representation whatsoever has been made to [the defendant] as to what punishment the court might impose.'[32]

Similarly, in *United States v. Turner*, a defendant filed a 2255 Motion and argued "that his plea was unknowing and involuntary because counsel failed to inform him before he pleaded guilty that he could be sentenced as a career offender."[33] The government opposed the motion and requested the court deny it without an evidentiary hearing.[34] Judge Africk denied the motion without an evidentiary hearing. In doing so, Judge Africk explained:

> [The defendant] was well aware, however, of the maximum sentence he faced. The fact that a defendant does not know that the career criminal provisions of Sentencing Guidelines may increase his sentence within that statutory range does not render his plea involuntary or unknowing. Even assuming counsel failed to inform petitioner of the risks attendant to classification as a career criminal, petitioner's rights were not prejudiced. [The defendant] has failed to allege facts sufficient to fulfill the prejudice prong under *Strickland*, and the Court need not address whether counsel's performance was deficient to conclude the relief sought . . . is unavailable.[35]

---

[31] *Id.*
[32] *Id.* at *2-3.
[33] Criminal Action No. 10–222, 2013 WL 5506120, at *3 (E.D. La. Sept. 30, 2013).
[34] *Id.* at *1.
[35] *Id.* at *3 (internal citations and quotation marks omitted).

5

This case is like *McClinton* and *Turner*. At Defendant's re-arraignment hearing, the Court thoroughly questioned Defendant to ensure he understood the plea agreement and its consequences.[36] The Court questioned Defendant regarding his understanding of the maximum possible sentence,[37] as well as the parties' agreement to an imposition of 270 months imprisonment:

> THE COURT: So I'm correct that the government agrees to recommend and agrees not to oppose the defendant's request that the Court accept the plea agreement and impose the sentence of 270 months imprisonment?
>
> MR. ARENA [defense counsel]: That's correct, Your Honor. My client's concerns, he was under the impression Count 1 -- and I believe the Court is correct. It's any term of years up to life. He was under the impression it was not more than 40 years in Count 1. That was the question. Yes, Your Honor, you are correct. That is the agreement.
>
> THE COURT: Mr. Ginsberg.
>
> MR. GINSBERG [the Government's counsel]: That's correct, Your Honor. Pursuant to 11(c)(1)(B), it's the government's understanding that the parties agree to jointly request and the government will not oppose the defendant's request for 270 months imprisonment.
>
> THE COURT: Mr. Jackson, do you understand that even though you and the government have agreed on a recommended sentence of imprisonment, I am not bound to impose that recommended sentence, and I could impose the maximum possible sentence that I have just related to you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you also understand that if I do not impose the recommended sentence, you would have no right to withdraw your plea of guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Have the sentencing guidelines applicable to your case been explained to you by your counsel?
>
> THE DEFENDANT: Yes, ma'am.

---

[36] R. Doc. 129.
[37] *Id.* at 8-9.

> THE COURT: Do you understand that although the Court has an obligation to calculate the applicable sentencing guideline range and consider that range, the guidelines are advisory and not binding on the Court?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that the Court may depart from the guideline range under certain circumstances, and that there are numerous factors the Court will consider under 18 U.S.C. § 3553(a) when fashioning an appropriate sentence?
>
> THE DEFENDANT: Yes, ma'am.[38]

The Court also question Defendant with respect to any representations made to him regarding his sentence:

> THE COURT: Mr. Arena, other than rough estimates of the sentencing guidelines, have you made any representations to Mr. Jackson as to the sentence I will impose?
>
> MR. ARENA [defense counsel]: No, Your Honor, just other than the plea agreement that we discussed. Correct. No, Your Honor, no guarantees. Yes, Your Honor.
>
> THE COURT: Mr. Jackson, to the best of your knowledge, is what your attorney just said correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that any discussions with your attorney or anyone else regarding sentencing guidelines have been merely rough estimates and that the Court is not bound by those discussions?
>
> THE DEFENDANT: Yes, ma'am.[39]

The Court further questioned Defendant with respect to his satisfaction with defense counsel's representation:

> THE COURT: Are you entirely satisfied with the advice and services of your attorney?
>
> THE DEFENDANT: Yes, ma'am.[40]

---

[38] *Id.* at 9-10.
[39] *Id.* at 10-11.
[40] *Id.* at 20.

"If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."[41] "As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences."[42] Unlike the Defendant in *McClinton*, whose "career offender status would put him at risk of approximately 200 more months of imprisonment," Defendant's career offender status had did not raise his statutory maximum sentence; rather, it merely adjusted the applicable Guideline sentence within the same statutory maximum. Defendant's statements made under oath contradict the notion he would have pursued a trial if he had known that he qualified as a career offender, as being a career offender would have no affect on the statutory maximum sentence. "Sworn statements in open court are entitled to a strong presumption of truthfulness,"[43] and the courts "will not allow a defendant to contradict testimony given under oath at a plea hearing."[44] As Defendant testified, he understood the Guidelines were not binding on the Court, and, other than "rough estimates of the sentencing guidelines," Defendant's counsel made no representations to Defendant with respect to the sentence the Court would impose.[45] Additionally, Defendant attested to his understanding of the maximum possible penalties by initialing each page in the plea agreement.[46]

Further, the contemporaneous evidence indicates Defendant was aware of his career offender status prior the Court's acceptance of his plea agreement. At the re-

---

[41] *United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) (citations omitted).
[42] *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).
[43] *McClinton,* 2019 WL 3562124 at *2 (citing *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)).
[44] *Id.* (citing *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[45] R. Doc. 129 at 10-11.
[46] R. Doc. 74.

arraignment hearing, the Court deferred a decision on accepting Defendant's plea agreement, and ordered that a presentence investigation report ("PSR") be made.[47] The PSR indicates Defendant is "considered a career offender"[48] and recommends the § 4B1.1 enhancement be applied.[49] Defendant's counsel filed a written objection to this recommendation[50] and orally objected to it at Defendant's sentencing hearing.[51] This contemporaneous evidence contradicts the notion Defendant would have pursued a trial had he known he qualified as a career offender.

Defendant's statements at the re-arraignment hearing, in addition to his signing of the plea agreement and his objections to the PSR, contradict his claim he would not have taken the plea deal but for his attorney's failure to inform him of his career offender status. Defendant was aware of his career offender status prior to the Court's acceptance of his plea agreement, and, in any event, his career offender status did not raise his statutory maximum sentence. The "contemporaneous evidence" conclusively negates his "post hoc" assertions. An evidentiary hearing is not warranted in this matter.

## CONCLUSION

**IT IS ORDERED** that the Government's Motion for Reconsideration is **GRANTED**. No evidentiary hearing shall be held with respect to Defendant's 2255 Motion.

**New Orleans, Louisiana, this 11th day of September, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[47] *Id.* at 22.
[48] R. Doc. 114 at 15.
[49] *Id.* at 12.
[50] R. Doc. 114 at 29.
[51] R. Doc. 126 at 4-5.