**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-279** |
| **TAUREAN OKEITH JACKSON** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is Defendant Taurean Okeith Jackson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (hereinafter, Defendant's "2255 Motion").[1] The Government opposes the motion.[2] Defendant filed a reply to the government's response[3] and a supplemental memorandum in support of his motion.[4] The Government filed an opposition to Defendant's supplemental memorandum,[5] and Defendant filed a reply thereto.[6] On April 9, 2019, Defendant filed a Motion to Stay Habeas Proceedings,[7] which the Court granted.[8] For the following reasons, the stay is **LIFTED** and Defendant's 2255 Motion[9] is **DENIED**.

## BACKGROUND

On December 13, 2013, Defendant Taurean Jackson was charged in a five-count indictment related to his role in a child sex-trafficking conspiracy.[10] Jackson ultimately pleaded guilty to two counts of the indictment: conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 15494(c), and obstruction and attempted obstruction

---

[1] R. Docs. 137 and 139.
[2] R. Doc. 162.
[3] R. Doc. 165.
[4] R. Doc. 178.
[5] R. Doc. 182.
[6] R. Doc. 185.
[7] R. Doc. 202.
[8] R. Doc. 204.
[9] R. Doc. 137.
[10] R. Doc. 1.

of enforcement of the sex trafficking statute, in violation of 18 U.S.C. § 1591(d).[11] Under the terms of the Defendant's Rule 11(c)(1)(B) plea agreement,[12] the parties recommended a sentence of 270 months' imprisonment, and the Government stipulated to a two-level decrease in the sentencing offense level for the for the Defendant's acceptance of responsibility.[13] As part of the plea agreement, Defendant also voluntarily waived:

> [A]ny right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which [his] sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

> [A]ny right to challenge defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and other collateral challenges to his sentence of any kind.[14]

Defendant expressly did not waive "the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[15]

The United States Probation Office found Defendant eligible for a number of sentencing enhancements, including the career offender guideline enhancement under U.S.S.G. §§ 4B1.1 (providing for career offender enhancement) and 4B1.2 (defining terms used in § 4B1.1), an enhancement for use of a computer, and an enhancement for obstruction of justice.[16] The Court applied the career offender enhancement and enhancement for obstruction of justice, and found Defendant's objection to the computer

---

[11] *See* R. Doc. 72.
[12] FED. R. CRIM. P. 11(c)(1)(B).
[13] R. Doc. 74 at 2.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 114.

enhancement moot in light of the Court's finding on career criminal status.[17] Further, the Probation Office found Defendant ineligible for credit for acceptance of responsibility,[18] and the Court agreed.[19] On July 15, 2015, this Court sentenced Defendant to the 270-month term of imprisonment to which the parties agreed in the plea agreement.[20] Defendant filed a notice of appeal with the Court of Appeals for the Fifth Circuit, but later requested, and received, dismissal of his appeal by the Fifth Circuit.[21]

Defendant filed the present motion on June 27, 2016.[22] The Government concedes the motion is timely.[23] Defendant supplemented his motion on September 26, 2016.[24] Defendant raises several claims. First, he argues the residual clause in the career offender sentencing guideline enhancement[25] is unconstitutionally vague after *Johnson v. United States*.[26] Second, assuming the constitutionality of the sentencing guidelines, Defendant asserts the Court nonetheless erred in applying several sentencing enhancements. Specifically, he argues the Court erred in (1) classifying him as a career offender pursuant to U.S.S.G. § 4B1.1; (2) applying an enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1; (3) applying an enhancement for the use of the computer during the commission of the offense pursuant to U.S.S.G. § 2G1.3(b)(4)(A); and (4) denying the Defendant a sentencing guideline reduction for acceptance of responsibility. Third, Defendant claims the Government violated *Brady v. Maryland* by failing to inform the

---

[17] R. Doc. 126 at 11, 17, 23.
[18] R. Doc. 114 at ¶ 53.
[19] R. Doc. 126 at 17-19.
[20] R. Doc. 116.
[21] R. Docs. 119, 132.
[22] R. Doc. 137.
[23] R. Doc. 162 at 2.
[24] R. Doc. 139.
[25] U.S.S.G. § 4B1.2.
[26] R. Doc. 137-1 at 7-14. *See Johnson v. United States*, 135 S. Ct. 2551 (2015).

Court that one of Defendant's minor victims was a "habitual runaway and prostitute,"[27] when it withheld recordings of his co-defendant Andrea Birdow's phone calls from jail.[28] Fourth, Defendant asserts the Government forced him to accept an involuntary guilty plea.[29] Fifth, Defendant asserts claims of ineffective assistance of counsel during plea negotiations, sentencing, and appeal.[30]

In response, the Government argues the Supreme Court's decision in *Beckles v. United States*,[31] in which the Court held the U.S. Sentencing Guidelines were not subject to a void-for-vagueness due process challenge, forecloses Defendant's constitutional claim under *Johnson*. With regard to Defendant's various challenges related to sentencing and conviction, the Government argues his claims are inappropriate for collateral review and irrelevant in light of his Rule 11(c)(1)(B) plea agreement.[32] The Government further argues Defendant's claims of ineffective counsel are meritless.

On April 9, 2019, Defendant Taurean Okeith Jackson filed a Motion to Stay Habeas Proceedings "pending the outcome of related state court proceedings in Texas."[33] On April 23, 2019, the Court granted this motion and ordered: "All proceedings pertaining to Mr. Jackson's § 2255 Motion and Supplements are stayed pending the outcome of his litigation seeking to vacate prior Texas convictions in the 363rd Judicial Court, Dallas, Texas, Case Nos. F-0854935 and F-0854936."[34] The Court further ordered that "Mr. Jackson shall file proof of the Texas litigation within 30 days of this order or, in the alternative, he shall report the progress of filing every 30 days until proof of the Texas

---

[27] *Id.* at 5.
[28] *Id.* at 20.
[29] *Id.* at 24-28.
[30] *Id.* at 15-24.
[31] 137 S. Ct. 886 (2017).
[32] R. Doc. 162 at 3.
[33] R. Doc. 202.
[34] R. Doc. 204.

litigation is available."[35] On May 21, 2019, defense counsel filed a progress report, which provided Defendant "has not yet filed pleadings challenging his Texas convictions."[36] Again on July 3, 2019, defense counsel filed a progress report that provided Defendant "has not yet filed pleadings challenging his Texas convictions."[37]

Due to Defendant's failure to file pleadings challenging his Texas convictions, on July 25, 2019, the Court ordered counsel for Defendant Taurean Okeith Jackson "to file a status report informing the Court whether any proceedings have been instituted by Defendant in Texas to vacate his prior Texas convictions by Thursday, August 1, 2019."[38] On August 1, 2019, defense counsel filed a status report informing the Court that Defendant "reported that he placed pleadings in the two cases at issue in the mail at the prison mail room on July 29, 2019."[39] Defense counsel also informed the Court: "Mr. Jackson told counsel that as soon as he receives a stamped copy of the filed pleadings, he will send them to counsel."[40] Accordingly, on August 7, 2019, the Court ordered that "counsel for Defendant file on the record stamped copies of Defendant's filed pleadings by no later than Thursday, September 5, 2019 at 5:00 p.m."[41] On September 5, 2019, defense counsel filed a status report providing: "Counsel is unable to comply with this Court's order. She has not received stamped copies of Mr. Jackson's Texas pleadings from Mr. Jackson."[42] The status report further provides: "On this date, counsel spoke with clerk staff in the 363rd Judicial District Court of Texas and the District Court Writ Department and has been informed that any pleading Mr. Jackson sent in pertaining to his Dallas

---

[35] *Id.*
[36] R. Doc. 205.
[37] R. Doc. 206.
[38] R. Doc. 208.
[39] R. Doc. 209.
[40] *Id.*
[41] R. Doc. 210.
[42] R. Doc. 211.

cases would have gone through one of them to be filed. No pleadings pertaining to Mr. Jackson's Dallas cases have been filed."[43]

Defendant has failed to file pleadings challenging his Texas convictions for over four months since the Court granted his Motion to Stay Habeas Proceedings to permit him to file pleadings challenging his Texas convictions. Accordingly, the stay is **LIFTED**, and the Court will proceed to rule on Defendant's 2255 Motion.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[44] Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[45] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."[46]

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."[47] If the motion raises a non-frivolous claim to relief, the court

---

[43] *Id.*
[44] 28 U.S.C. § 2255(a).
[45] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[46] *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).
[47] Rules Governing Section 2255 Proceedings, Rule 4(b).

must order the Government to file a response or to take other appropriate action.[48] The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.[49]

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted.[50] An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[51] No evidentiary hearing is required if the defendant fails to produce any "independent indicia of the likely merit of [his] allegations."[52,53]

Ultimately, the Defendant bears the burden of establishing his claims of error by a preponderance of the evidence.[54] For certain "structural" errors, relief follows automatically once the error is proved.[55] For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case.[56] If the court finds that the defendant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[57]

---

[48] *Id.*
[49] *Id.*, Rules 6-7.
[50] *Id.*, Rule 8.
[51] 28 U.S.C. § 2255(b).
[52] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[53] The Court denied Defendant's request for an evidentiary hearing in this case. R. Doc. 213.
[54] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).
[55] *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).
[56] *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding).
[57] 28 U.S.C. § 2255(b).

## ANALYSIS

### I.    *Johnson* Claim

Defendant asserts the residual clause in U.S.S.G. § 4B1.2 is unconstitutionally vague in light of *Johnson v. United States*, and as a result his enhancement pursuant to U.S.S.G. § 4B1.1 should be vacated.[58] In *Johnson*, the Supreme Court held the residual clause in the Armed Career Criminal Act ("ACCA") violated the Fifth Amendment's guarantee of due process by "fail[ing] to give ordinary people fair notice of the conduct it punishes."[59] The clause at issue provided for a heightened sentence for violators who had three or more earlier convictions for a "violent felony," defined as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[60]

Defendant argues U.S.S.G. § 4B1.2 defines "crime of violence" in a similar way and presents the same void-for-vagueness concern. For the purposes of the career offender enhancement, U.S.S.G. § 4B1.2 defines a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[61] Petitioner argues that, to the extent the Court applied the career offender enhancement, his sentence is unconstitutional.

The Supreme Court's subsequent decision in *Beckles v. United States*[62] forecloses Defendant's *Johnson* claim, however. In *Beckles*, the Court held the Sentencing Guidelines are not subject to void-for-vagueness challenges.[63] Accordingly, Defendant's claim that §§ 4b1.1 and 4b1.2 are unconstitutionally vague is meritless.

---

[58] 135 S. Ct. 2551 (2015).
[59] *Id.* at 2556.
[60] *Id.* at 2555-2556.
[61] U.S.S.G. § 4B1.2(a)(1).
[62] 137 S. Ct. 886 (2017).
[63] *Id.* at 894.

## II.    Claims Related to Sentencing and Conviction

Defendant raises several claims related to his sentencing and conviction. He argues the Court erred in applying the career offender enhancement, the obstruction of justice enhancement, and the use of a computer enhancement, and the Court erred in denying him a reduction for acceptance of responsibility.[64] Defendant also alleges several *Brady* violations. For the following reasons, the Court finds Defendant waived these claims in his plea agreement and at his re-arraignment, and further these claims are procedurally barred.

### A.    Defendant Waived his Right to Collateral Attack of His Sentence

A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary.[65] In this case, Defendant waived "any right to challenge defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section 2255 and 2241."[66] Defendant specifically did not waive, and retained:

> [T]he right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[67]

A defendant's waiver is involuntary if "induced by threats, misrepresentations, or improper promises, such as bribes."[68] The Constitution requires that guilty pleas be made

---

[64] *See* R. Doc. 137-1 at 4-7.

[65] *See e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to a waiver of appeal); *United States v. McKinney*, 406 F .3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contact interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

[66] R. Doc. 74 at 2.

[67] *Id.*

[68] *United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).

"voluntarily" and their attendant waivers made "'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[69] A plea is intelligent when the defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."[70] In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."[71] The Supreme Court's decision in *Boykin v. Alabama*[72] "requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made."[73] "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."[74] "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them."[75] "However, a determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea."[76]

---

[69] *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (quoting *Brady*, 397 U.S. at 748).
[70] *Bousley v. United States*, 523 U.S. 614, 628 (1998).
[71] *Taylor v. Whitney*, 933 F.2d 325, 329 (5th Cir. 1991).
[72] 395 U.S. 238 (1969).
[73] *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000).
[74] *United States v. Vonn*, 535 U.S. 55, 62 (2002).
[75] *Id.* at 78 (Stevens, J., concurring).
[76] *United States v. Potter*, Criminal Action No. 13–141, 2015 WL 3486446, at *2 (E.D. La. June 1, 2015) (citing *United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea")).

A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it."[77] "The Constitution does not require a great deal of knowledge on the part of the defendant."[78] "If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."[79] "As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences."[80]

"When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made-the Court need not presume that the waiver was ineffective."[81] Further, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."[82]

Defendant contends his plea agreement was coerced by the government.[83] Defendant argues that, at his re-arraignment, Assistant United State Attorney Jordan Ginsburg "threat[ened] to prosecute the defendant's family," and "tried to manipulate

---

[77] *Ruiz*, 536 U.S. at 630.
[78] *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).
[79] *Scott*, 857 F.3d at 245 (citing *Guerra*, 94 F.3d at 995).
[80] *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).
[81] *Potter*, 2015 WL 3486446 at *1 (citing *White*, 307 F.3d at 343; *Bond*, 414 F.3d at 544).
[82] *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir.1994); *McKinney*, 406 F.3d at 746; *Bond*, 414 F.3d at 544.
[83] R. Doc. 137-1 at 24.

[the defendant's] words."[84] The Court is unable to find any evidence of such government coercion in the transcript of Defendant's re-arraignment. To the contrary, Defendant expressly stated that he had not been influenced by threats:

> THE COURT: All right. Have you been influenced, induced, or persuaded in any way to plead guilty because of any threats made by anyone?
>
> THE DEFENDANT: No, ma'am.[85]

Further, Defendant clearly indicated assent with the waiver of appeal:

> THE COURT: Do you understand that under your plea agreement you have expressly waived your right to a direct appeal as set forth in the plea agreement, but that you are not waiving your right to appeal a sentence imposed in excess of the statutory maximum?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you also understand that you can only bring a postconviction proceeding if you can show that ineffective assistance of counsel affected the validity of your guilty plea or your waiver of appeal and collateral challenge rights?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Has your attorney advised you of your appeal rights and the effect of waiving those rights?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you voluntarily agree to waive your appeal rights as set forth in the plea agreement?
>
> THE DEFENDANT: Yes, ma'am.[86]

The Supreme Court has held "[s]olemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings."[87] Defendant's own sworn statements at his hearings refute his argument

---

[84] *Id.*
[85] R. Doc. 129 at 14.
[86] *Id.* at 16.
[87] *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977).

that his attorney failed to properly advise him of the consequences of pleading guilty. As a result, it is clear Defendant has validly waived his right to collateral attack of his sentence and conviction.[88]

### B.    Petitioner's Claims Regarding Sentencing and Conviction are Procedurally Barred

Defendant's claims related to his conviction and sentence are not cognizable under 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[89] "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[90] Allegations of error which are not of constitutional or jurisdictional magnitude which could have been raised on direct appeal may not be asserted on collateral review in a § 2255 motion.[91] Such errors will be considered only if they could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.[92]

Defendant's *Brady* violation allegations are constitutional.[93] Defendant filed a notice of appeal,[94] but later requested dismissal of his appeal by the Fifth Circuit.[95] The Fifth Circuit granted the dismissal.[96] As a result, Defendant has not asserted any claims

---

[88] *See United States v. Henry*, Criminal Action No. 08–19, 2010 WL 2998888, at *4 (E.D. La. July 18, 2010).
[89] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).
[90] *Id.* (alterations in original) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).
[91] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).
[92] *United States v. Shaid*, 937 F.2d 228, 232 n.7 (5th Cir. 1991)).
[93] *See, e.g., United States v. Bell*, Criminal Action No. 07–50103–01, Civil Action No. 11–0580, 2011 WL 5513197, at *3 (W.D. La. Nov. 9, 2011).
[94] R. Doc. 119.
[95] R. Doc. 132.
[96] *Id.*

related to his sentencing or conviction on direct appeal. Unless Defendant can establish good cause for the procedural default and actual prejudice resulting from any error, his § 2255 claims are procedurally barred.[97]

In this case, Defendant is unable to demonstrate cause for the procedural default. "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevented him from raising a claim on direct appeal."[98] Defendant argues in his supplemental memorandum that the abandonment of the direct appeal was urged by his counsel.[99] Defendant claims, "[a]ppellate counsel provided inadequate representation of counsel because counsel instructed [Defendant] that if he [were to] proceed with direct appeal, [] he would be sentenced to life imprisonment."[100] While "constitutionally ineffective assistance of counsel" may constitute cause, "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default."[101] As discussed below, however, Defendant's claim of ineffective counsel related to his direct appeal is meritless, and as a result does not constitute sufficient cause for the procedural default. Defendant has not otherwise alleged any reason external to his defense that prevented him from pursuing his direct appeal, such as governmental interference.[102] Accordingly, he has not demonstrated cause for his procedural default.

Nor can Defendant show actual prejudice resulting from any error. As the government notes, Defendant received the sentence he bargained for in his plea

---

[97] *Shaid*, 937 F.2d at 232.
[98] *United States v. Rodney*, 2014 WL 6607069 at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 981 F.3d 231, 235 (5th Cir. 1993)).
[99] R. Doc. 139 at 7.
[100] *Id.*
[101] *McCleskey v. Zant*, 499 U.S. 467 (1991).
[102] *See id.*

agreement.[103] Further, the Court agrees that, "[e]ven assuming that [Defendant's] advisory guideline range was incorrectly calculated, nothing in the record suggests that [Defendant] would have received a sentence lower than 270 months."[104] Accordingly, Defendant cannot establish he suffered prejudice from any error during sentencing.

Defendant's claims that the Court erred in denying Defendant a reduction for acceptance of responsibility and erred in applying the career offender enhancement, the obstruction of justice enhancement, and the use of a computer enhancement, are not constitutional, as "[t]he district court's application of the sentencing guidelines does not comprise a constitutional issue."[105] The Court therefore only considers the merits of these claims if the alleged error "could not have been raised on direct appeal *and* would result in a complete miscarriage of justice."[106] "A district court's technical application of the Guidelines . . . could have been raised on direct appeal."[107] Moreover, Defendant has not shown such errors would result in a complete miscarriage of justice if left unaddressed. As the Supreme Court explained in *United States v. Timmreck*, an error constituting a complete miscarriage of justice presents "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent."[108] Similarly, the Fifth Circuit explained in *United States v. Shaid*, such errors are "limited to the extraordinary cases involving manifest miscarriages of justice that would result in the continued incarceration of one actually innocent of the offense."[109] As the Government notes,

---

[103] R. Doc. 162 at 9.
[104] *Id.*
[105] *United States v. Johnson*, 3 F.3d 437, 1993 WL 347110, at *1 (5th Cir. Aug. 17, 1993) (citing *Vaughn*, 955 F.2d at 368).
[106] *Id.* (emphasis in original).
[107] *Segler*, 37 F.3d at 1134 (citing *Vaughn*, 955 F.2d at 368).
[108] 441 U.S. 780, 783 (1979).
[109] 937 F.2d at 232 (internal quotation marks, brackets, and citations omitted).

Defendant received a term of imprisonment far below what he might have received at trial. There has been no manifest miscarriage of justice in this case.

Accordingly, Defendant's claims related to his sentencing and conviction are procedurally barred.

## III.    Ineffective Assistance of Counsel

Defendant claims his attorneys provided ineffective assistance of counsel during plea negotiations, at sentencing, and when he was advised to file a motion to dismiss his appeal.[110],[111] Specifically, Defendant argues (1) he did not willingly waive his appeal rights in his plea agreement; (2) Defendant's attorney failed to object to the Presentence Investigation Report ("PSR") at sentencing; and (3) his attorney was ineffective in instructing him to file a motion to dismiss his direct appeal.

The Fifth Circuit has explained that "[i]n a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."[112] Further, to prove a valid claim for ineffective assistance of counsel, the petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*.[113] As a result, Defendant must show that: (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced his defense.[114]

In *Strickland*, the Supreme Court explained:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

---

[110] R. Doc. 137-1 at 15-23; R. Doc. 139 at 2-3.
[111] Pursuant to the Plea Agreement, Defendant expressly did not waive "the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding. R. Doc. 74 at 2.
[112] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)).
[113] 466 U.S. 668, 687 (1984).
[114] *See id.*

> counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[115]

As a result, district courts should "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy."[116] With respect to a habeas petition alleging ineffective performance at sentencing, the Fifth Circuit has explained that *Strickland's* deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent."[117]

With respect to the second prong of the *Strickland* test, the petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[118] To establish prejudice in a case involving a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[119]

In *Armstead v. Scott*, the Fifth Circuit explained that a petitioner must do more than merely allege prejudice: "[A] defendant must 'affirmatively prove' prejudice. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test.

---

[115] *Id.* at 689.
[116] *Id.* (citation and internal quotation marks omitted).
[117] *United States v. Fields*, 565 .3d 290, 296 (5th Cir. 2009) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).
[118] *Strickland*, 466 U.S. at 694.
[119] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty, but would have insisted upon going to trial."[120]

As the Supreme Court explained in *Strickland*, if the Court finds that the petitioner has made an insufficient showing with respect to either of the two required prongs, the Court may dispose of the claim.[121] Further, the Supreme Court advised that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed."[122]

### A.    Plea Negotiations

First, Defendant argues his counsel was ineffective during plea negotiations. Defendant asserts his counsel failed to instruct him as to the possible consequences of being sentenced as a career offender, and "failed to research the law before pressuring [Defendant] to plead guilty."[123]

The key question is whether Defendant can show he was prejudiced by his counsel's alleged failure to instruct him as to the possible consequences of being sentenced as a career offender. "When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, [courts] do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea bargain."[124] "[The courts] instead consider whether the defendant was prejudiced by the 'denial of the entire judicial proceeding ... to which he had a right.'"[125] "when a defendant claims that his counsel's deficient performance deprived him of a trial

---

[120] 37 F.3d 202, 206 (5th Cir. 1994) (internal citations omitted).
[121] *Strickland*, 466 U.S. at 697.
[122] *Id.*
[123] R. Doc. 137-1 at 16.
[124] *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citations and internal ellipses omitted).
[125] *Id.* (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 483 (2000)).

by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[126] Such errors includes those that "affect [the defendant's] understanding of the consequences of pleading guilty."[127]

The Fifth Circuit has held, "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences."[128] Consequently, in *United States v. Turner*, Judge Africk denied a defendant's ineffective assistance of counsel alleging defendant's plea "was unknowing and involuntary because counsel failed to inform him before he pleaded guilty that he could be sentenced as a career offender"[129] because "[defendant] was well aware . . . of the maximum sentence he faced."[130] Judge Africk explained:

> 'The fact that a defendant does not know that the career criminal provisions of Sentencing Guidelines may increase his sentence within that statutory range does not render his plea involuntary or unknowing.'[131] 'Even assuming counsel failed to inform petitioner of the risks attendant to classification as a career criminal, petitioner's rights were not prejudiced.'[132] [Defendant] has failed to allege facts sufficient to fulfill the prejudice prong under *Strickland,* and the Court need not address whether counsel's performance was deficient to conclude the relief sought in Ground Two is unavailable.

The reason the defendant's rights were not prejudiced, even assuming counsel failed to inform the defendant of the consequences of being classified as a career offender,

---

[126] *Id.* (quoting *Hill*, 474 U.S at 59).
[127] *Id.* (citing *Hill*, 474 U.S. at 59).
[128] *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).
[129] Criminal Action No. 10–222, 2013 WL 5506120, at *3 (E.D. La. Sept. 30, 2013).
[130] *Id.*
[131] *Id.* (quoting *United States v. Adkins*, No. 94–10120, 1994 WL 733505, at *3 (5th Cir. Dec. 28, 1994)).
[132] *Id.* (quoting *United States v. Green*, No. 02–60053, 2008 WL 3836726, at *14 (W.D. La. July 26, 2008)).

is because sentence enhancement for recidivism pursuant to the Guidelines "merely adjusts the applicable guideline sentence within the same statutory maximum."[133] As the Fifth Circuit has held:

> A defendant is entitled to notice of the applicability of the former prior to entry of a guilty plea. Due process does not mandate, however, either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall.[134]

No recidivism statute increasing the statutory maximum applied in this case. Rather, the sentence enhancement pursuant to the Guidelines merely adjusted the applicable guideline sentence within the existing applicable statutory maximum.[135]

This case is like *Turner*. Defendant is unable to demonstrate that he misunderstood the maximum prison term and fine that could result from pleading guilty, regardless of any errors on the part of his counsel. Defendant attested to his understanding of the maximum possible penalties he might face by initialing each page in the plea agreement. During his rearraignment hearing, the Court recited the consequences of the plea agreement—including maximum available penalties and the waivers of trial and appeal rights—and Defendant repeatedly re-affirmed his understanding of the agreement.[136] Further, Defendant has not shown a reasonable probability that he would not have pleaded guilty if he had known his career offender

---

[133] *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).

[134] *Id.* (citing *United States v. Jones*, 905 F.2d 867 (5th Cir. 1990); *United States v. Fernandez*, 877 F.2d 1138 (2d Cir. 1989); *United States v. Salva*, 902 F.2d 483 (7th Cir. 1990)).

[135] In Defendant's case, due process merely required "adequate notice of the possibility of sentence enhancement based on recidivism." *Pearson*, 910 F.2d at 223. "This is to assure a defendant an opportunity to contest timely the propriety of the enhancement." *Id.* (citing *Oyler v. Boles*, 368 U.S. 448 (1962)). In *United States v. Pearson*, the Fifth Circuit held a defendant received "adequate notice" when the presentence investigation report indicated the defendant "qualified as a career offender and recommended that the Guideline § 4B1.1 enhancement be applied." *Id.* Like *Pearson*, in this case the PSR indicates Defendant is "considered a career offender," R. Doc. 114 at 15, and recommends the § 4B1.1 enhancement be applied, *id.* at 12. Defendant's counsel filed a written objection to this recommendation, *id.* at 29, and orally objected to it at Defendant's sentencing hearing, R. Doc. 126 at 4-5. Defendant's due process rights were not abridged.

[136] R. Doc. 129 at 14-16.

status. As the Government notes, Defendant received a term of imprisonment far below what he might have received at trial. Accordingly, the Defendant has not established that his acceptance of the plea agreement prejudiced him.

**B.     Sentencing**

Defendant also asserts a claim of ineffective counsel during sentencing. He argues primarily that his attorney failed to object to portions of the PSR applying the career offender enhancement.[137] However, the record shows Defendant's counsel made several objections to the PSR, including an objection to the career offender enhancement.[138] That the objections were unsuccessful does not prove his counsel was ineffective, and does not demonstrate Defendant would have received a lower sentence but for the alleged errors.[139] The Fifth Circuit has long recognized that "to show prejudice, a defendant "must demonstrate a reasonable probability that, but for his counsel's actions, he would have received a significantly less harsh sentence."[140] Defendant has not done so.

**C.     Dismissal of Direct Appeal**

Lastly, the Defendant argues his attorney was ineffective in advising him to file a motion to dismiss his direct appeal to the Fifth Circuit.[141] In his supplemental memorandum, Defendant asserts, "[Defendant] did not knowing and intelligently direct appellate counsel to file [a] petition to dismiss [the] direct appeal,"[142] and that "counsel instructed [Defendant] that if he proceeded with [the] direct appeal, that he would be resentenced to life imprisonment."[143]

---

[137] R. Doc. 137-1 at 22.
[138] R. Doc. 114 at 29; R. Doc. 126 at 4-5.
[139] *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004).
[140] *Id.*
[141] *See* R. Doc. 139 at 2-3.
[142] R. Doc. 139 at 3.
[143] *Id.* at 2.

To succeed, Defendant must show "that his counsel was objectively unreasonable in failing to find arguably non-frivolous issues to appeal."[144] "If the defendant succeeds in that burden, then he has the burden of demonstrating actual prejudice."[145] The Court can consider either prong first.[146]

In this case, the Defendant argues his appellate counsel was deficient in advising Defendant to dismiss his notice of appeal,[147] in which Defendant sought "to file ineffective assistance of counsel on the Regan Law firm due to many violations," namely: "my attorney persuaded me to plea out to an 11(c)(1)(B) plea agreement and mislead me to believe that it was a standard plea agreement."[148] Defendant thus appears to argue his appellate counsel should have identified his plea counsel's failure to fully inform him of the consequences of his career offender status as a serious issue on appeal.

As discussed above, Defendant testified at his re-arraignment hearing he understood the terms of the plea agreement, including the maximum statutory sentence that could be imposed, and he was voluntarily entering the agreement. Additionally, Defendant initialed each page of the plea agreement to indicate his understanding of and assent to its terms.[149] At sentencing, Defendant testified he had read the PSR, which included a discussion of Defendant's career offender status.[150]

Further, even if Defendant could show he was unaware of his career offender status, Defendant is unable to establish he suffered any prejudice from the dismissal of

---

[144] *United States v. Belvin*, 2013 WL 5557017, at *2 (E.D. La. Oct. 8, 2013) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

[145] *Id.*

[146] *Id.* (citing *Smith*, 528 U.S. at 286 n.14) ("The performance component need not be addressed first if the ineffectiveness claim fails on the prejudice prong.").

[147] R. Doc. 165 at 2.

[148] R. Doc. 119 at 2.

[149] R. Doc. 74.

[150] R. Doc. 126 at 3.

his direct appeal. Because Defendant's sentence was far below the statutory maximum, his direct appeal would have been dismissed by the Fifth Circuit based on the terms of his plea agreement. Accordingly, even if Defendant's appellate attorney's conduct was objectively unreasonable, Defendant's ineffective counsel claim fails because he suffered no prejudice.

## **CONCLUSION**

**IT IS ORDERED** that stay imposed on Defendant Taurean Jackson's 2255 Motion is **LIFTED** and the motion is **DENIED.**

New Orleans, Louisiana, this 11th day of September, 2019.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**