UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-279 |
| TAUREAN OKEITH JACKSON | SECTION: "E" |

### ORDER AND REASONS

Before the Court is a motion for compassionate release[1] and a supplemental motion for compassionate release filed by Taurean Jackson.[2] For the following reasons, Jackson's motions for compassionate release are **DENIED**.

### BACKGROUND

On February 3, 2015, Jackson pleaded guilty to conspiracy to commit sex trafficking of children, in violation of Title 18, United States Code, Sections 1591 and 1594(a) and attempted obstruction of enforcement of the sex trafficking statute, in violation of Title 18, United States Code, Section 1591(d).[3] Jackson's conviction was the result of his attempt to operate a prostitution enterprise and his trafficking of a minor.[4] On July 15, 2015, the Court sentenced Jackson to a below-guidelines sentence of 270 months of imprisonment followed by 10 years of supervised release.[5] Jackson is currently housed at Tucson USP with a projected release date of November 24, 2032.[6]

---

[1] R. Doc. 224.
[2] R. Doc. 226. The Government filed a response to both motions. R. Doc. 227. Jackson filed a reply. R. Doc. 235.
[3] R. Doc. 72.
[4] R. Doc. 114, ¶¶ 18–23.
[5] R. Doc. 117.
[6] https://www.bop.gov/inmateloc/.

1

## **LAW AND ANALYSIS**

**I.     Jackson' Request for a Reduction in His Sentence Is Denied.**

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[7] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[8]

**A.     Jackson has exhausted administrative remedies.**

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of § 3582(c)(1)(A) is met.[9] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[10] the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

On April 28, 2020, Jackson submitted an administrative request for compassionate release to the Warden of Tucson USP.[11] On May 4, 2020, the Warden denied Jackson's request after considering the applicable BOP guidance.[12] The Warden concluded Jackson's generalized concerns about contracting COVID-19 and the nature

---

[7] 18 U.S.C. § 3582(c).
[8] *Id.* § 3582(c)(1)(A).
[9] *See id.*
[10] *Id.*
[11] R. Doc. 227-1.
[12] R. Doc. 227-2.

2

and circumstances of Jackson's offense did not support early release.[13] Because more than thirty days have passed since Jackson filed his administrative request, he has satisfied the exhaustion requirement of § 3582(c)(1)(A). The Government does not dispute the exhaustion requirement is satisfied.[14] Accordingly, the Court finds Jackson has properly exhausted his administrative remedies, and the Court will proceed to evaluating Jackson's request for compassionate release on the merits.

### B. Section 3553(a) factors weigh against reducing Jackson's sentence.

Jackson argues he is entitled to compassionate release based on his health conditions, such as chronic kidney disease and occupational or environmental chronic obstructive pulmonary disease (COPD), and the risks those conditions pose during the COVID-19 pandemic.[15] Jackson also points to his difficult family circumstances surrounding the care of his fourteen-year-old daughter.[16] Even assuming Jackson has shown his health conditions amid the current COVID-19 pandemic and his family circumstances are "extraordinary and compelling" circumstances warranting a reduction in his sentence,[17] he is still not entitled to relief under § 3582 because he is a danger to the community and the § 3553(a) factors weigh heavily against his release.

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety

---

[13] *Id.*
[14] R. Doc. 227, at 4 n.2.
[15] R. Doc. 224, at 12.
[16] R. Doc. 235, at 15.
[17] The Court does not decide whether Jackson has established his health conditions amid the COVID-19 pandemic or his family circumstances are "extraordinary and compelling" circumstances warranting compassionate release.

3

of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and that the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[18]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to their similarity. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors regarding a petitioner's danger to the community include "the nature and circumstances of the offense charged;" "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history;" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[19] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][20]

Having considered all of the relevant factors under § 3142(g) and § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors

---

[18] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[19] 18 U.S.C. § 3142(g).
[20] 18 U.S.C. § 3553(a).

weigh against reducing Jackson's sentence. The nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily in the Court's decision.

Child sex crimes are "among the most egregious and despicable of societal and criminal offenses,"[21] and Jackson's offense certainly fits this description. Sometime in 2012, Jackson created and operated "Star City Vixens," an escort agency that was a front for prostitution activity.[22] Also in 2012, Jackson recruited co-defendant Andrea Birdow to join Star City Vixens, and he became her pimp.[23] As a means of controlling Birdow's behavior, Jackson beat and choked her on multiple occasions.[24] Jackson also burned Birdow with cigarettes as a means of disciplining her.[25] This was often done in front of others.[26] In June 2013, Jackson further recruited Minor Victim 1, a sixteen-year-old girl in the Dallas, Texas area.[27] Over the next month, before being arrested, Jackson trafficked Minor Victim 1 throughout Texas and Louisiana to have sex with numerous customers, gave her drugs and alcohol to keep her obedient, and beat her with an electrical cord when she disobeyed him.[28] Further, all of this conduct came after Jackson's release from prison in 2010 for sexual assault of a child and compelling a child to engage in prostitution.[29] Given Jackson's criminal history and the violent nature of his offense, the Court finds Jackson poses a danger to the safety of the community and is not entitled to a reduction in his sentence.

---

[21] *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).
[22] R. Doc. 114, ¶ 18
[23] *Id.* ¶ 19
[24] *Id.* ¶ 20
[25] *Id.*
[26] *Id.*
[27] *Id.* ¶ 21
[28] *Id.* ¶¶ 22–23.
[29] *Id.* ¶ 58.

5

Lastly, the Court also finds that, because Jackson has served only 45% percent of his 270-month prison sentence, a reduction of his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Jackson's sentence.

## CONCLUSION

**IT IS ORDERED** that Taurean Jackson's motions for compassionate release are **DENIED**.[30]

**New Orleans, Louisiana, this 8th day of July, 2020.**

                                              *SUSIE MORGAN*
                              **UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 224; R. Doc. 226.